The Honorable David Adkins State Representative, Twenty-Eighth District State Capitol, Room 448-N Topeka, Kansas 66612
Dear Representative Adkins:
You request our opinion on the constitutionality of a provision in Strong City ordinance no. 1237 which authorizes a public officer to inspect private and public buildings used as dwellings for the purpose of insuring that the premises comply with the housing code. The ordinance establishes minimum standards for housing in the area of lighting, ventilation, heating, fire safety and sanitation. Any building determined to be unfit for human habitation may, after notice and an opportunity for a hearing, be demolished with the costs assessed to the owner.
In general, the police power inherent in all municipalities empowers cities to adopt and enforce reasonable ordinances governing buildings, which includes their erection, removal, repair, alteration, reconstruction and use. McQuillin Municipal Corporations sec. 24.505 (3d ed.). Apartment buildings and other forms of multi-family buildings are subject to provisions of municipal building codes. Common provisions include those enumerated in ordinance no. 1237. McQuillin MunicipalCorporations sec. 24.515 (3d ed.). This power extends to demolishing private property without compensation where the property is found to be a public nuisance or injurious to the public health or welfare. McQuillinMunicipal Corporations sec. 24.23 (3d ed.). This right is tempered by the requirement that the owner be notified and have an opportunity to appear at a hearing. Such a requirement is met in this ordinance. Clearly, ordinance no. 1237 is a proper exercise of the city's police power to regulate buildings used for human habitation.
What is at issue here is section 11 which provides, in relevant part, as follows:
 "INSPECTION OF BUILDINGS AND STRUCTURES, AND PREMISES. "(a) For the Purpose of Determining Compliance with the provisions of this code, the public officer or his or her authorized representative is hereby authorized to make inspections to determine the condition, use, and occupancy of dwellings, dwelling units, rooming units, and the premises upon which the same are located. This requirement is applicable to existing dwellings or buildings.
 "(c) The Owner, Operator, and Occupant of every dwelling, dwelling unit, and rooming unit shall give the public officer, or his or her authorized representative, during reasonable hours, free access
to such dwelling, dwelling unit, and rooming unit, and its premises, for the purpose of such inspection, examination and survey after identification by proper credentials.
 "(d) Every Occupant of a dwelling shall give the owner thereof, or his or her authorized agent or employee, access to any part of such dwelling, or its premises, at all reasonable times, for the purpose of making such repairs or alterations as are necessary to effect compliance with the provisions of this code or with any rule or regulation adopted and promulgated, or any order issued pursuant to the provisions of this code." (Emphasis added).
Your concern is that this provision may violate section 15 of the Kansas bill of rights and the fourth amendment to the United States constitution, both of which prohibit unreasonable searches. Under Kansas law, section 15 is identical to the fourth amendment. State v. Tinsley,16 Kan. App. 2d 287 (1982).
While cities have the right to enact housing codes, the fourth
amendment prohibits entry onto private property to inspect in the absence of consent or a search warrant. Camara v. San Francisco, 387 U.S. 523,18 L.Ed.2d 930, 87 S.Ct. 1727 (1967), Marshall v. Barlow's Inc.,436 U.S. 307, 56 L.Ed.2d 305, 98 S.Ct. 1816 (1978), See v. Seattle,387 U.S. 541, 18 L.Ed.2d 943, 87 S.Ct. 1737 (1967). In Camara a homeowner who refused to allow a municipal health inspector to enter his dwelling was charged with a violation of the housing code which could have subjected him to a fine and possible incarceration. The code provision at issue provided that the inspector had the right to enter any building structure to perform inspection duties. The court concluded that administrative searches are significant intrusions upon the interest protected by the fourth amendment and such searches when authorized and conducted without a warrant procedure lack the traditional safeguards which the fourth amendment guarantees to the individual. Consequently, the court found that the homeowner has a constitutional right to insist that a public health inspector obtain a search warrant before allowing access.
Section 11(a) of the Strong City ordinance authorizes public officers to make inspections and section (c) provides that an owner, operator or occupant of the dwelling shall give the officer "free access." There is no penalty for refusing access as existed in the Camara case. However, under the United States Supreme Court cases cited herein, the owner, operator, or occupant has the right to refuse access and insist that the official procure a search warrant. If access is refused, no adverse action can be taken against the person — rather it will be incumbent upon the public officer to secure a warrant. Therefore, on its face, section 11 does not violate section 15 of Kansas Bill of Rights or the fourth
amendment, however, an owner, operator, or occupant may refuse access with impunity.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm